**E-FILED**
Thursday, 24 March, 2016  02:56:29 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| THE CITY OF GALESBURG, an Illinois municipal corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-04077-SLD-JEH |
| | ) | |
| AECOM USA, Inc., successor in interest to CONSOER TOWNSEND ENVIRODYNE ENGINEERS, INC., a New York corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER

Before the Court is Plaintiff City of Galesburg's ("Galesburg") Motion to Remand, ECF No. 5. For the following reasons, the motion is DENIED.

BACKGROUND[1]

On June 5, 2015, Galesburg brought suit in the Ninth Judicial Circuit of Illinois, alleging that Aecom, USA ("Aecom") had breached a contract between the two parties by failing to design and construct a water treatment plant to the specifications in the contract. On July 6, 2015, Aecom filed a notice of removal in this Court. Galesburg's Motion to Remand followed on July 31, 2015.

---

[1] The facts recited here are taken from Galesburg's Complaint, Not. Removal Ex. A, ECF No. 1, from Galesburg's Motion to Remand, and Aecom's Response thereto, ECF No. 9.

## DISCUSSION

### I.      Legal Standard on a Motion to Remand

Article III courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between (among others) citizens of different states.  28 U.S.C. § 1332.  In addition to a plaintiff's right to bring suit in federal court under the diversity jurisdiction, a defendant may remove a civil case filed in state court to a federal district court where that court would have original jurisdiction based on diversity, provided that no defendant is a citizen of the state in which the action is brought.  28 U.S.C. § 1441; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  A defendant does this by timely filing a notice of removal in the federal court, along with a copy of all the state court "process, pleadings, and orders" served on the defendant thus far.  28 U.S.C. § 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).  Courts should "interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum . . . [and a]ny doubt regarding jurisdiction should be resolved in favor of the states."  *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).  The burden of establishing federal jurisdiction falls on the party seeking removal.  *Id.*

### II.     Analysis

Galesburg argues that the matter should be remanded because (1) Aecom inadequately alleged its own citizenship in its notice of removal, Mot. Remand 3, (2) Aecom failed to comply with Federal Rule of Civil Procedure 7.1 and Central District of Illinois Local Rule 11.3, *id.*, and (3) Aecom failed to "prove its obligations as successor in interest" to the party with which Galesburg had initially contracted to perform some of the work on the water treatment plant, *id.*

### a. Adequacy of Aecom's Citizenship Allegations

Galesburg argues that Aecom relies only on Galesburg's own allegations in its initial complaint that Aecom is a New York corporation, and upon an affidavit stating that it is a New York corporation with its principal place of business in New York. Mot. Remand 5–6. However, Aecom need do nothing further to establish its citizenship for purposes of diversity jurisdiction.

Diversity jurisdiction must be established by a preponderance of the evidence if the jurisdictional allegations are contested. *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 547 (7th Cir.2008); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540–41 (7th Cir. 2006). To accomplish this task, parties invoking federal jurisdiction commonly rely on documentary evidence such as affidavits or deposition testimony. *See, e.g.*, *Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012); *Ner Tamid Congregation of N. Town v. Krivoruchko*, 620 F. Supp. 2d 924, 931 (N.D. Ill. 2009), as amended (June 10, 2009). For purposes of establishing diversity of citizenship, a corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

Aecom submitted an affidavit with its notice of removal containing the declaration of its in-house counsel that Aecom is a New York corporation with its principal place of business at 605 Third Ave., New York, New York. Not. Removal Ex. B.[2] Galesburg is agreed by all parties to be an Illinois municipal corporation. Thus, unless Aecom's offered evidence of its own citizenship is insufficient, inaccurate, or incomplete, diversity exists. The evidence is none of

---

[2] Galesburg argues that the misspelling of "principal" as "principle" in the affidavit renders the affidavit ineffective. Mot. Remand 5 n.1. The argument is unpersuasive.

these things.  Indeed, Galesburg corroborates it by submitting documentary evidence that Aecom

is a New York corporation.  Mot. Remand Ex. F., ECF No. 5-2.  There is no suggestion that

Aecom may be incorporated in another state than New York, or that its principal place of

business is elsewhere.  Aecom has adequately shown its citizenship for purposes of diversity, and

thus, adequately shown diversity.  (The amount in controversy uncontestedly exceeds $75,000.)

The motion to remand for lack of a showing of diversity fails.

### b.  Failure to Comply with FRCP 7.1 and CDIL LR 11.3

Galesburg argues that the case should be remanded because Aecom did not initially file a

statement identifying its parent corporation, if any, as required by Rule 7.1, Mot. Remand 7, or a

Certificate of Interest stating the names of the attorneys and law firms representing it as required

by Local Rule 11.3.  Mot. Remand 8.  However, Aecom has subsequently filed both documents,

ECF Nos. 7, 8.  Galesburg has cited no authority suggesting that untimely filing of either

document merits any sanction, particularly the sanction of remand that it seeks.  A reading of the

rules, whose purpose is to allow judges to disqualify themselves if they have a financial or

personal interest in a case, 2002 Committee Notes Fed. R. Civ. P. 7.1, L. R. 11.3, reveals no

reason why such a result should follow.

### c.  Aecom's Successor In Interest Status to Consoer Townsend Envirodyne

It is difficult to determine the contours of Galesburg's argument on this point.  Galesburg

seems to claim that because Aecom's Answer, ECF No. 3, denies allegations that Consoer

Townsend Envirodyne Engineers, Inc., and Aecom Technical Services, Inc., restructured so as to

become Aecom USA Inc., it has contradicted the claim in counsel's affidavit that Aecom is a

New York corporation.  Mot. Remand 10.  But insofar as Galesburg is seeking to suggest that

doubt is thrown on the veracity of the allegations of Aecom's citizenship, the argument fails.

Denying allegations that Aecom created itself by restructuring two other corporations is

*consistent* with its allegation that it is a New York corporation.  And insofar as Galesburg is

seeking to argue that another, nondiverse corporation is or should be joined to the case in a way

that would defeat diversity, the argument fails as well.  *See Lincoln Prop. Co. v. Roche*, 546 U.S.

81, 91 (2005) (holding that removing defendants need not negate the existence of a potential

defendant to the case whose existence and joinder would defeat diversity).

**CONCLSUION**

Accordingly, Plaintiff's Motion to Remand, ECF No. 5, is DENIED.


Entered this 24th day of March, 2016.

s/ Sara Darrow<br>SARA DARROW<br>UNITED STATES DISTRICT JUDGE